NOTE CHANGES MADE BY COURT.

```
                                       FILED
                              CLERK, U.S. DISTRICT COURT

                                   10/27/2015

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY: _____CW_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEST ORIENTAL PRODUCE, INC., a corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>HONG KONG SUPERMARKET OF MONTEREY PARK, LTD., a corporation; HONG KONG SUPERMARKETS OF CALIFORNIA, INC., a/t/a HONG KONG SUPERMARKET OF CA, INC., a corporation; HONG KONG SUPERMARKET OF MONROVIA, LTD., a corporation; HONG KONG SUPERMARKET OF PENNSYLVANIA, INC., a corporation; HONG KONG SUPERMARKET OF ELMHURST, INC., a corporation; HONG KONG SUPERMARKET OF EAST BRUNSWICK, INC., a corporation; HONG KONG SUPERMARKET OF HESTER STREET CORP., a corporation; HONG KONG DISTRIBUTION CORPORATION, a corporation; MON CHONG LOONG TRADING CORP., a corporation; MYINT J. KYAW, a/k/a MYINT J. KYANW, a/k/a JEFFREY MYINT WU, a/k/a JEFFREY WU, an individual; LEWIS WU, an individual; EMILY CAI, an individual,<br><br>              Defendants. | CASE NO. CV 15-08281-AB (RAOx)<br><br>[PROPOSED] **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND PRELIMINARY INJUNCTION**<br><br>[FRCP Rule 65] |

1

1    Upon review of the Complaint of Plaintiff, BEST ORIENTAL PRODUCE, INC. (

2    "Plaintiff"), on file in the above-captioned action, and the declarations, exhibits and

3    Memorandum of Points and Authorities in support of Plaintiff's Application for a

4    Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and it

5    appearing to the satisfaction of the Court that this is a proper case for granting a

6    Temporary Restraining Order and Order to Show Cause.

7    IT IS HEREBY ORDERED that Defendants HONG KONG SUPERMARKET

8    OF MONTEREY PARK, LTD., a corporation ("HK Monterey Park"); HONG KONG

9    SUPERMARKETS OF CALIFORNIA, INC. a/t/a HONG KONG SUPERMARKET OF

10   CA, INC., a corporation ("HK California"); HONG KONG SUPERMARKET OF

11   MONROVIA, LTD, a corporation ("HK Monrovia"); HONG KONG SUPERMARKET

12   OF PENNSYLVANIA ("HK Penn"); HONG KONG SUPERMARKET OF

13   ELMHURST, INC. ("HK Elmhurst"); HONG KONG SUPERMARKET OF EAST

14   BRUNSWICK, INC., ("HK Brunswick"); HONG KONG SUPERMARKET OF

15   HESTER STREET CORP., ("HK Hester"); HONG KONG DISTRIBUTION

16   CORPORATION, a corporation ("HK Distribution"); MON CHONG LOONG

17   TRADING CORP. ("Mon Chong"); and  MYINT J. KYAW, a/k/a MYINT J. KYANW,

18   a/k/a JEFFREY MYINT WU, a/k/a JEFFREY WU, an individual ("J. Wu"); LEWIS

19   WU, an individual ("L. Wu"); and EMILY CAI, an individual ("E. Cai")  (collectively

20   referred to as "Defendants") appear in Courtroom **4** of the U.S. District Court for the

21   Central District of California, Los Angeles Division, **312 N. Spring St.**, Los Angeles, CA

22   90012-4701 on **December 14, 2015**, at **10:00 a.m.**, or as soon thereafter as the matter

23   may be heard, then and there to show cause, if any they have, why they, their agents,

24   bankers, subsidiaries, successors, assignees, principals, employees, attorneys, and

25   representatives should not be restrained and preliminarily enjoined during the pendency

26   of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging

27   in, committing, or performing directly and indirectly, any and all of the following acts:

28

A.      Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable (including frozen) agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B.      Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

C.      Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that Defendants, their owners, officers, directors, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by order of this Court and required to distribute PACA trust assets in the amount of at least $43,703.45, which includes $40,760.00 in principal, plus interest charges accrued through October 19, 2015, in the amount of $2,943.45, all of which is perfected under the PACA trust provisions pursuant to 7 U.S.C. §499(e)(c) *et seq.*, making in all the sum of $43,703.45 due as of the date hereof.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, including but not limited to: (1) Defendant HK Monrovia's accounts held at Royal Business Bank, account number XXXXXX8850, located at 123 E. Valley Blvd., Suite 101, San Gabriel, California 91776 and with a legal

1  process address of 600 South Figueroa Suite 1888, Los Angeles, CA 90017; (2)

2  Defendant HK Distribution's accounts held at Evertrust Bank, account number XX8768,

3  located at Puente Hills Mall #700, 1600 South Azusa Avenue, City of Industry,

4  California 91748; (3) Defendant Mon Chong's accounts held at United International

5  Bank, account no. XXXXXX6108, located at 41-60 Main Street, Flushing, NY 11355;

6  (4) Defendants' accounts with JP Morgan Chase Bank, NA; and, (5) any other accounts

7  subsequently discovered to be standing in any Defendants' names.

8  IT IS FURTHER ORDERED that pending the hearing and determination of the

9  foregoing Order to Show Cause, and continuing thereafter, Defendants, and their counsel,

10  agents, or representatives, shall be preliminarily enjoined from engaging in, committing,

11  or performing directly and indirectly, any and all of the following acts:

12  D.  Removing, withdrawing, transferring, assigning or selling to any other

13  person or entity, the proceeds from the sales of any or all existing or future inventories of

14  food or other products derived from perishable agricultural commodities, and/or receipts

15  of payment for products or crops sold prior to the date of this order and/or otherwise

16  disposing of assets, books or funds;

17  E.  Taking any other action whatsoever which causes, has the effect of causing,

18  or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

19  F.  Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

20  through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural

21  Commodities Act ("PACA)].

22  IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to

23  promptly deposit the sums described above, Defendants shall be and hereby are required

24  and ordered to:

25  G.  Immediately account to the Court and Plaintiffs for all assets of the PACA

26  trust from commencement of Defendants' business through the date of this Order.

27  ///

28  ///

4

H.      Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiffs for sale and collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard.  Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

I.      Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above.   Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiffs' counsel.

J.      File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement

of this Order.  Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow inspection and copying of the books and records of said Defendants by Plaintiffs or its representatives at Defendants' place of business.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to depose, under oath, at reasonable times and places, upon at least ~~48~~ **72** hours notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiff is entitled to inspect under this Order, the trust assets or any of Defendants' business assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that Royal Business Bank, Evertrust Bank, United International Bank, and JP Morgan Chase Bank and any other accounts subsequently discovered to be standing in any Defendants' names, release information to Plaintiffs' counsel about the above-described accounts, including the amounts contained in the accounts, in confidence and only to the extent necessary to verify compliance with the terms of this Order.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiffs before the Temporary Restraining Order is effective.

///

///

///

IT IS FURTHER ORDERED that Plaintiff shall serve Defendants with copies of this Order and all pleadings and other papers in support of the Order on or before **November 16, 2015** ~~by Federal Express with verification of receipt~~ **pursuant to Federal Rule of Civil Procedure 4**. Defendants shall file an Opposition, if any, to the Order to Show Cause on or before 4:30 p.m. on **November 23, 2015**, and shall personally serve Plaintiff's counsel with a copy of said Opposition by said deadline. Plaintiff shall file and serve a Reply to Defendants' Opposition, if any, on or before **4:30 p.m.** on **November 30, 2015**.

**This temporary restraining order shall take effect as of 5:00 p.m. Pacific Daylight Time on October 27, 2015.**

DATED: October 27, 2015

_____
U.S. DISTRICT COURT JUDGE

7